UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARLENE O'GRADY-WOMACK,

    Plaintiff,

v.                                                CASE No. 8:08-CV-552-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## ORDER

This cause came on for consideration upon the plaintiff's Petition for Attorney Fees (Doc. 26) filed by counsel for the plaintiff on January 29, 2009. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $3,778.50 in fees and $350.00 in costs to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant.

The applicant represented the plaintiff in this action seeking review of a denial of Social Security disability benefits and supplemental security

income payments (Doc. 18). This matter was reversed and remanded to the Social Security Administration by order of this court dated October 31, 2008 (Doc. 24). Judgment was therefore entered in favor of the plaintiff (Doc. 25). The plaintiff then filed this application for attorneys' fees under the EAJA (Doc. 26).

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorneys' fees in the amount of $3,778.50 (Doc. 26). This amount represents 5.9 hours of service before the court in 2008 by attorney Michael Steinberg and 17 hours of service before the court in 2008 by attorney Dax J. Lonetto at an hourly rate of $165.00 (id., p. 2).* The plaintiff has certified that the defendant has no objection to this payment (id., p. 3, ¶8). Further, the defendant has not filed any objection to this motion. See Local Rule 3.01(b).

---

*It is noted that the plaintiff's itemization of services states erroneously that attorney Steinberg spent 6.4 hours on this matter (Doc. 26-2, p. 2).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of attorneys' fees would be unjust. Consequently, the plaintiff is entitled to an award of attorneys' fees.

The claim of 22.9 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $165.00 for work performed in 2008 (Doc. 26, p. 2). In light of the defendant's lack of objection, it is not necessary to reach the question of whether, if contested, the requested cost of living adjustment is warranted. Similar cost of living adjustments have been made on fee applications where the Commissioner has raised no objection.

Finally, it is requested that the attorneys' fees be paid directly to plaintiff's counsel (id., p. 1). In Reeves v. Barnhart, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA award in a social security disability case is payable directly to the plaintiff, not counsel. However, in this case, the plaintiff has agreed to assign the EAJA award to her counsel (Doc. 26-3). Furthermore, the defendant has not raised any opposition to an award of

attorneys' fees under the EAJA directly to counsel in this circumstance (Doc. 26, p. 3, ¶8). Therefore, by virtue of the fee assignment and the defendant's lack of opposition, the award of attorneys' fees is payable to plaintiff's counsel in this case.

For the foregoing reasons, the plaintiff's Petition for Attorney Fees (Doc. 26) is hereby **GRANTED.** The plaintiff is hereby awarded the amount of **$3,778.50** in attorneys' fees and **$350.00** in costs to be paid to the plaintiff's counsel by the defendant pursuant to 28 U.S.C. 2412(a)(1), ( c)(1), (d)(1)(A), (B).

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 27th day of Feb., 2009.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE